1
2
3
4
5               UNITED STATES DISTRICT COURT
6              EASTERN DISTRICT OF WASHINGTON
7

| | |
|---|---|
| 8  THE CATHOLIC BISHOP OF SPOKANE, a/k/a THE CATHOLIC DIOCESE OF SPOKANE, a Washington Corporation Sole, | NO: 2:14-CV-0159-TOR  ORDER DENYING MOTION TO WITHDRAW REFERENCE |
| 10              Plaintiff, | |
| 11        v. | |
| 12 PAINE HAMBLEN, LLP, a Washington Limited Liability Partnership f/k/a PAINE, HAMBLEN, COFFIN, BROOKE & MILLER, LLP; GREGORY JOHN ARPIN, individually, and the martial community composed of GREGORY JOHN ARPIN and JANE DOE ARPIN, SHAUN McKEE CROSS, individually and the marital community composed of SHAUN McKEE CROSS and JANE DOE CROSS, | |
| 18              Defendants. | |

ORDER DENYING MOTION TO WITHDRAW REFERENCE ~ 1

BEFORE THE COURT is Defendants' motion to withdraw the reference of this adversary proceeding filed in United States Bankruptcy Court for the Eastern District of Washington pursuant to 28 U.S.C. § 157(d) (ECF No. 1). The Amended Plaintiff's Motion to File Sur-Reply (ECF No. 3 at 9-12) is GRANTED and Plaintiff's Sur-Reply is accepted as filed. This matter was submitted for consideration without oral argument. The Court has reviewed the completed briefing and the record and files herein, and is fully informed.

## PROCEDURAL HISTORY

This case involves allegations by the Catholic Diocese of Spokane ("Plaintiff") that the law firm of Paine Hamblen, LLP and related entities ("Defendants") mishandled its chapter 11 bankruptcy case. Plaintiff originally asserted its claims in Spokane County Superior Court in October 2012. Defendants subsequently removed the case to this Court on the theory that Plaintiff's claims "arose in" a case under chapter 11 of the United States Bankruptcy Code. *See* 28 U.S.C. § 1334(b). The Court dismissed the case without prejudice on May 15, 2013, ruling that it lacked subject matter jurisdiction under the *Barton* doctrine. *See Barton v. Barbour*, 104 U.S. 126, 127 (1881) (holding that before suit can be brought against a court-appointed receiver, "leave of the court by which he was appointed must be obtained"); *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005) ("[A] party must first obtain leave of the

bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity.").

Following the dismissal of its case by this Court, Plaintiff filed the instant adversary proceeding in the United States Bankruptcy Court for the Eastern District of Washington on January 10, 2014. The claims asserted in the bankruptcy case are similar to the claims raised in the initial action. Specifically, Plaintiff asserts claims seeking (1) disgorgement of attorney's fees awarded to Defendants at the conclusion of Plaintiff's chapter 11 bankruptcy case; and (2) additional monetary damages stemming from Defendants' alleged legal malpractice.

At a scheduling conference held on March 4, 2014, the Bankruptcy Court bifurcated the case into disgorgement and malpractice components and scheduled a bench trial on the disgorgement component for October 27, 2014. As will be discussed in further detail below, the reason for this bifurcation was that the Bankruptcy Court was uncertain about its jurisdiction to decide issues relating to the malpractice aspect of the case. Defendants subsequently filed the instant motion to withdraw the reference and hold all further proceedings in this Court.

## DISCUSSION

Title 28, United States Code Section 157(a) permits a district court to refer all chapter 11 bankruptcy matters to the bankruptcy judges within the district. The

District Court for the Eastern District of Washington has so referred all chapter 11 matters pursuant to Local Rule 83.5(a). By virtue of this referral, the Bankruptcy Court for the Eastern District of Washington has the authority to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . [and] enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1).

Section 157(d) allows a district court to withdraw a reference under § 157(a) in a particular case. The statute provides, in relevant part, that a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[1] 28 U.S.C. § 157(d). Withdrawal under this provision is discretionary. *Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584, 586-87 (D. Nev. 2012). In deciding whether to grant a discretionary withdrawal, a district court should consider factors such as "(1) efficient use of judicial resources, (2) delay and costs to parties, (3) uniformity of bankruptcy administration, (4) prevention of forum shopping, and other related factors. *Id.* at 587 (citing *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers,*

---

[1] Section 157(d) also contains a mandatory withdrawal provision for matters that "require[] consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." That provision is not at issue in the instant motion.

1 *Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)).  Other related factors include whether the issues are "core" or "non-core" within the meaning of § 157(b)(2), and whether any party has a right to a jury trial.  *Id.*

    1. <u>Efficient Use of Judicial Resources</u>

The crux of Defendants' argument in favor of withdrawal appears to be that the Bankruptcy Court lacks jurisdiction to conduct a jury trial on the malpractice component of the bifurcated case, and that, as a result, it would be more efficient for this Court to assume responsibility for the entire case.[2]  Assuming for the sake of argument that Defendants are correct with regard to the jurisdiction issue,[3] the

---

[2] Bankruptcy courts are authorized to conduct jury trials only upon the express consent of all parties.  28 U.S.C. § 157(e).  Given that Defendants have not so consented, the Bankruptcy Court may not conduct a jury trial on the malpractice component of the case.  *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (holding that bankruptcy courts may not conduct jury trials on non-core matters where the parties have not so consented).

[3] The threshold question of whether Defendants have a Seventh Amendment right to a jury trial on this component of the case, however, should be decided by the Bankruptcy Court.  *See Am. Universal Ins. Co. v. Pugh*, 821 F.2d 1352, 1355 (9th Cir. 1987) ("A bankruptcy court is an appropriate tribunal for determining whether

ORDER DENYING MOTION TO WITHDRAW REFERENCE ~ 5

interests of judicial economy are best served by permitting the Bankruptcy Court to resolve the disgorgement component of the case and to conduct all pretrial proceedings relative to the malpractice component. The mere possibility that the malpractice component of the case may eventually be tried to a jury in this Court does not warrant upsetting the traditional separation of responsibilities as between the Bankruptcy Court and the District Court. *See In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007) ("A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead . . . the bankruptcy court may retain jurisdiction over the action for pre-trial matters."). This factor weighs against granting the motion to withdraw.

     2. <u>Delay and Costs to Parties</u>

The Bankruptcy Court has set the disgorgement component of the case for a bench trial in October 2014. If the reference was to be withdrawn, the case would not proceed to trial in this Court until mid-2015 at the earliest. Further, it does not appear that proceeding in the manner contemplated by the Bankruptcy Court will result in appreciably higher costs to the parties than proceeding in this Court. This factor also weighs against granting the motion to withdraw.

---

there is a right to a trial by jury of issues for which a jury trial is demanded.").
This Court expresses no opinion on whether a right to a jury trial attaches.

ORDER DENYING MOTION TO WITHDRAW REFERENCE ~ 6

### 3. Uniformity of Bankruptcy Administration

This factor appears to be neutral.

### 4. Prevention of Forum Shopping

The Court is not persuaded that forum shopping is a relevant consideration in view of the unusual procedural posture and complicated jurisdictional issues presented in this case. This factor is neutral.

### 5. Other Related Factors

Defendants concede that the disgorgement component of the case is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2) over which the Bankruptcy Court has proper authority and jurisdiction. ECF No. 1-4 at 5. It further appears that Defendants do not have a Seventh Amendment right to a jury trial on this component of the case. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989) (explaining that Seventh Amendment right to jury trial does not attach to claims in equity); *Hale v. U.S. Trustee*, 509 F.3d 1139, 1146 (9th Cir. 2007) (holding that Seventh Amendment right to jury trial does not attach to claim premised upon reasonableness of an award of attorney's fees in a bankruptcy case). Accordingly, there can be no dispute that this component of the case is properly before the Bankruptcy Court. Whether the malpractice component qualifies as a core proceeding and whether the right to a jury trial attaches remain open questions. As noted above, however, the mere possibility that the malpractice

Case 2:14-cv-00159-TOR    Document 4    Filed 06/02/14

component may eventually be tried in this Court does not warrant summarily withdrawing the referral at this juncture.

In view of the foregoing, the Court will deny Defendant's motion to withdraw. This ruling is without prejudice to Defendants renewing the motion at a later date based upon material developments in the Bankruptcy Court proceedings. Any such motion will be deemed timely irrespective of the time constraints of Bankruptcy Court Local Rule 5011-1(b).

**IT IS HEREBY ORDERED:**

Defendants' motion to withdraw the reference (ECF No. 1) is **DENIED** with leave to renew at a later date. The Bankruptcy Court will resolve the disgorgement component of the case and conduct all pretrial proceedings relative to the malpractice component. At such time as it appears the Bankruptcy Court will not have jurisdiction to conduct a jury trial, a renewed motion to withdraw the reference will be entertained.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel and the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Washington.

**DATED** June 2, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO WITHDRAW REFERENCE ~ 8